737 P.2d 405

Frank HELLEBRANDT and Judy Hellebrandt, husband and wife, Plaintiffs/Appellants,

v.

KELLEY COMPANY, INC., a Wisconsin corporation, Defendant/Cross-Defendant/Appellee,

and

Chenery Equipment and Richard Equipment, Cross-Claimants/Appellees.

RICHARD EQUIPMENT COMPANY, INC., an Arizona corporation, Defendant/Appellant,

v.

KELLEY COMPANY, INC., a Wisconsin corporation, Defendant/Appellee.

Nos. 2 CA-CV 87-0009, 2 CA-CV 87-0010.

Court of Appeals of Arizona, Division 2, Department B.

April 16, 1987.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Larry L. Smith and Richard M. Shannon, Phoenix, for plaintiffs/appellants Hellebrandt.

Struckmeyer and Wilson by Donald R. Wilson and Edwin B. McLean, Phoenix, for defendant/cross-defendant/appellee Kelley Co., Inc.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal and DeAnn Willis, Phoenix, for cross-claimants/appellees Chenery Equipment and Richard Equipment and defendant/appellant Richard Equipment Co.

## OPINION

LIVERMORE, Presiding Judge.

In this appeal from a defense verdict in a product liability case, plaintiff asserts as a basis for reversal one evidentiary and several instructional errors. Because we find one such error dispositive, we reverse and do not reach the other claims.

■ Over objection, the trial court instructed the jury: "The Dyna-Load dock leveler is not defective and unreasonably dangerous if you find that the defect was known or obvious to the ultimate user." That instruction is plainly inconsistent with *Byrns v. Riddell,* 113 Ariz. 264, 550 P.2d 1065 (1976), and *Turner v. Machine Ice Co.,* 138 Ariz. 329, 674 P.2d 883 (App.1983), and is, therefore, reversible error. This error, however, relates only to the product liability case and that alone is remanded for retrial.

In a consolidated appeal, defendant Richard Equipment Company, the retailer of the product, seeks to recover its costs and attorneys' fees from defendant Kelley Company, the manufacturer of the product, under A.R.S. § 12–684(A). That section reads:

In any product liability action where the manufacturer refuses to accept a tender of defense from the seller, the manufacturer shall indemnify the seller for any judgment rendered against the seller and shall also reimburse the seller for reasonable attorneys' fees and costs incurred by the seller in defending such action, unless either paragraph 1 or 2 applies:
1. The seller had knowledge of the defect in the product.
2. The seller altered, modified or installed the product, and such alteration, modification or installation was a substantial cause of the incident giving rise to the action, was not authorized or requested by the manufacturer and was not performed in compliance with the directions or specifications of the manufacturer.

This request was denied by the trial court apparently on the basis that indemnity and reimbursement were available only when the seller had a judgment entered against it. That position is again urged on appeal.

■ We do not believe reimbursement of fees and costs to a seller in a product liability action brought against it and a manufacturer is contingent on the seller losing the case. As a matter of policy that makes no sense, and nothing in the statute requires that result. A faultless seller is as victimized by being required to defend a meritless claim against it as by one having merit because of a manufacturer's defective product. By distinguishing between indemnification of a judgment and reimbursement of fees and costs, we believe the legislature recognized this. Indemnification requires a judgment; reimbursement does not. Accordingly, we remand for a determination by the trial court of costs

and reasonable attorneys' fees to be award-
ed Richard Equipment.

HATHAWAY, C.J., and
LACAGNINA, J., concur.